FRANKLIN WELLS, EXECUTOR, ETC., v. HOMER F. HUTTON ET AL.

*Construction of will—Distribution of assets.*

A will devising the testator's estate to her son, and to five grand-children, naming them, to be divided as follows: One third to the son, and two thirds to the said grandchildren, is construed as giving to each grandchild one fifth of the two thirds so devised to them.

Appeal from St. Joseph. (Loveridge, J.) Argued June 12, 1889. Decided October 25, 1889.

Bill to obtain construction of will. Defendants Ransom Gibson and Ada Baxter appeal. Affirmed. The facts are stated in the opinion.

*F. W. Knowlen,* for complainant.

*Orris P. Coffinberry,* for defendants appealing.

*Hugh P. Stewart,* for defendants Hutton.

[The points of counsel are stated in the opinion.— REPORTER.]

SHERWOOD, C. J. The following are the several clauses of Catharine Voorhees' last will disposing of her estate:

"1. It is my desire that all my just debts be paid.

"2. I devise and bequeath all my estate, both real and personal, of every name and nature, of which I may die possessed, to my son, James H. Voorhees, Homer F. Hutton, Charles W. Hutton, Emma Catharine Hutton, and Hattie E. Hutton, sons and daughters of my deceased daughter Emeline Hutton, and to Ransom Gibson, son of my deceased daughter Caroline Nash, to be divided as

follows: One-third thereof to my son James H. Voorhees, and two-thirds to the said children of my said deceased daughters, Emeline Hutton and Caroline Nash.

"3. I devise and bequeath to my granddaughter Ada Baxter, daughter of Caroline Nash, the sum of five dollars.

"4. I hereby appoint Franklin Wells executor of this my last will and testament, with full power to make sale and execute deeds upon real estate that I may leave at my death, and to account for the proceeds thereof as a part of my estate; also to assign any mortgages, and to do any other thing or things necessary for the speedy settlement of the same."

The bill in this case is filed to obtain a construction of the second and third clauses of the will. In addition to the pleadings, the record contains the following stipulation of facts:

"It is conceded by all the solicitors in said suit that the above-named James H. Voorhees was the only living child that said Catharine Voorhees had living when she made her last will and testament, or when she died, and that the several above-named Huttons were the children, and only children, of decedent's daughter Emeline Hutton, mentioned in said will, when said will was made, and when said deceased died; that the above-named Ransom Gibson and Ada Baxter were the children, and only children, of deceased daughter Caroline Nash, mentioned in said will, when said will was made, and when said deceased died; that said Catharine Voorhees, when she made said will, and when she died, had no living descendants, of any child or children of hers, except those above named."

The complainant, by his bill of complaint, shows that he has, as executor, about $7,500, after paying debts and expenses of the estate and administration, and wishes to make a partial distribution, and further shows that—

"Conflicting claims have now arisen concerning the true meaning of said provision of said will above quoted, the true intent of the testatrix therein, the proper and legal construction thereof, the rights and shares of said

devisee defendants therein, and their legal distributive shares in said estate thereunder, devisee defendants Homer F., Chas. W., Emma, and Hattie E. Hutton claiming that by virtue of the above quoted devise the intent of testatrix, and the true and legal construction thereof, is that two-thirds of said estate shall be equally divided between said Homer F., Chas. W., Emma C., and Hattie E. Hutton, and said Ransom Gibson; that under said quoted provisions they, said Homer F., Chas. W., Emma C., and Hattie E. Hutton, take, not by right of representation, but *per capita*, and that said Ransom Gibson takes likewise *per capita*, and not by right of representation; and they, said Homer F., Chas. W., Emma C., and Hattie E. Hutton, and he, said Ransom Gibson, are entitled to share two-thirds of said estate, and share alike.  Whereas, said Ransom Gibson claims that, by virtue of said quoted provision, the true and legal construction thereof, and the true intent of testatrix therein, is that said four named Hutton devisees take by right of representation under their deceased mother, Emeline Hutton, and not *per capita*, and that he, said Ransom Gibson, also so takes under his said deceased mother, Caroline Nash, and not *per capita*, and that consequently the said four named Hutton heirs are entitled to equally share one-third of said estate, and that he, Ransom Gibson, is entitled alone to one-third of said estate."

Complainant in his bill further says that—

"Said four named Hutton devisees and said Ransom Gibson now demand to receive from your orator the respective sums which they would be entitled to upon the rule of construction and distribution which they respectively contend for as stated, and they insist that your orator is not authorized to make distribution upon any other basis;"—

And complainant asks that defendants may be required to interplead, that a proper construction of the will may be obtained, and he permitted to make distribution accordingly.

The several defendants in their answer admit that their claims as to the construction of the will and the amounts to which they claim to be entitled are properly

and correctly set out in the bill.

Ransom Gibson and Ada Baxter make their joint and several answer, wherein they say that they—

"Deny that there is any basis in the language of said will to warrant the claim of the heirs of Emeline Hutton, deceased, as it is averred in said bill they do claim, that they should share in testatrix's estate *per capita*, and not by representation, each equally with said Ransom Gibson, and to the exclusion of Ada Baxter. But these defendants claim that it is clear, from the terms of said will and testament, that the children of Emeline Hutton, deceased, should take as legatees under said will *per stirpes*; that is, such share, and only such share, as said Emeline Hutton would have taken under the statute of descent and distribution, had testatrix died intestate in the life-time of said Emeline. In the first place, these defendants claim that by a proper and legal construction of said will they are each entitled to claim, and to have in equal part, one-third of the distributive share of testatrix's estate; that they are entitled to such share by representation, *per stirpes*, as their mother, Caroline Nash, deceased, would have taken under the statute, had testatrix died intestate, leaving said Caroline Nash, deceased, surviving her.

"These defendants further claim that if, as contended for, by implication, at least, by the children of said Emeline Hutton in said bill, the defendant, Ada Baxter, is not entitled to a distributive share, one-third of said testatrix's estate under said will, *per stirpes*, then, by a proper construction of said will, said Ransom Gibson should receive one-third of the distributive share of said estate, as the representative of his mother, Caroline Nash, deceased."

The case was heard before Judge Loveridge upon the pleadings and said stipulation, in the St. Joseph circuit, who made the following decree:

"The court doth order, adjudge, and decree that the bill in this cause is properly filed, and the will of Catharine Voorhees, deceased, is properly before the court for construction.

"It is further ordered, adjudged, and decreed that the proper construction of said will of Catharine Voorhees,

deceased, is as follows, viz.: That by said will Ada Baxter, daughter of Caroline Nash, takes the sum of five dollars; that James H. Voorhees, son of Catharine Voorhees, takes one-third of the residue of said estate; and that Homer F. Hutton, Charles W. Hutton, Emma Catharine Hutton, and Hattie E. Hutton, sons and daughters of Emeline Hutton, deceased, and Ransom Gibson, son of Caroline Nash, deceased, and grandchildren of Catharine Voorhees, deceased, take each one-fifth of the remaining two-thirds of said estate.

"It is further ordered that costs be paid out of the funds in the hands of the executor to the respective parties, as follows: A solicitor's fee of $30 to the complainant; a solicitor's fee of $15 to defendants Homer F. Hutton, Charles W. Hutton, Emma Catharine Hutton, and Hattie E. Hutton; and a solicitor's fee of $15 to James H. Voorhees and Ransom Gibson; and that the executor pay the costs of this court, being register and sheriff's costs, to be taxed by the register of this court."

After a careful review of this case, and the arguments of the learned counsel, we are satisfied that the construction given to this will by the circuit judge is the correct one. There can be no question but that the sum Ada Baxter is to receive is fixed and definite. This legacy paid, it is equally certain what share of the remainder James H. Voorhees is entitled to have. It is one-third of the same. These two legatees' shares disposed of, there is nothing remaining indicating in any way that the testatrix intended the balance of her property to go to the legatees except *per capita*. The persons are all named to whom she intended the legacies to go, and no circumstance has occurred since she made the will which could have possibly changed the evidences of her intention, or that would suggest any other disposition could have been contemplated by the testatrix. When these elements are all lacking, there is no room left for doubt as to the direction the legacies must take, or the amount thereof, and where such is the case the authorities cited

by the learned counsel for the appellants have no appli- cation whatever, and the rules of construction contended for by them, though entirely sound, fail to have any pertinency to the facts stated in the record.

The decree of Judge Loveridge will therefore be affirmed, with costs.

CHAMPLIN, CAMPBELL, and LONG, JJ., concurred. MORSE, J., did not sit.